**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:15-cv-00171-RJC-DCK**

| | |
|---|---|
| **JESSIE FLUKER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | )                    **ORDER** |
| **GENUINE PARTS COMPANY d/b/a** | ) |
| **NAPA AUTO PARTS and ALVIN** | ) |
| **HILL,** | ) |
| | ) |
| **Defendants.** | ) |
| _____ | ) |

**THIS MATTER** comes before the Court on Plaintiff's Motion to Stay the Initial

Attorney's Conference.  (Doc. No. 8).

## I.    BACKGROUND

Plaintiff, initially represented by counsel, filed his Complaint in this matter on April 17,

2015, (Doc. No. 1), and the Clerk of Court issued the summonses on April 20, 2015, (Doc. No.

4).  Defendant Genuine Parts Company d/b/a NAPA Auto Parts ("NAPA") filed its Answer to

the Complaint on July 30, 2015.  (Doc. No. 5).  However, Plaintiff failed to serve the Complaint

on Defendant Alvin Hill.  The Court issued an Order directing Plaintiff to perfect service of his

Complaint on Defendant Alvin Hill by October 15, 2015, or provide good cause for his failure to

do so.  (Doc. No. 6).  Plaintiff failed to perfect service or provide good cause for his failure;

therefore, Defendant Alvin Hill was dismissed from this case without prejudice on April 22,

2016.  (Doc. No. 7).  On April 25, 2016, the Court notified the parties of the requirement to

conduct an Initial Attorney's Conference ("IAC") within fourteen days and to file the Certificate

of Initial Attorney's Conference ("CIAC") within seven days of the conference.  Subsequently, it

was brought to the Court's attention that Plaintiff's attorney's bar license had been suspended on September 21, 2015, and that he is not currently eligible to practice law in North Carolina; therefore, Plaintiff's attorney was terminated from the case on May 11, 2016.

Plaintiff, who is now proceeding pro se, filed his Motion to Stay the Initial Attorney's Conference on May 13, 2016. (Doc. No. 8). In his Motion, Plaintiff states that he was notified in November 2015[1] that his former attorney could no longer represent him due to the attorney's suspension. He further states that he is currently being aided by an attorney from New York to retain local counsel so that the New York attorney can gain pro hac vice admission to represent Plaintiff in this matter. Therefore, Plaintiff requests that this matter be stayed until he can retain new counsel. (Id.).

## II. DISCUSSION

Plaintiff initiated this action by filing his Complaint thirteen months ago. (Doc. No. 1). It is Plaintiff's burden to prosecute this case and move it forward. Aside from presumably serving his Complaint upon NAPA, Plaintiff has done nothing to prosecute this case since filing the Complaint in April 2015. It has been at least six months since Plaintiff knew that he was no longer represented by counsel; therefore, he has had ample opportunity to retain new counsel. Consequently, the Court finds that Plaintiff has not shown good cause to stay this matter, and his Motion to Stay is **denied**. The Court, however, will continue the deadlines associated with the IAC as follows. The parties shall conduct the IAC within **seven (7) days** of the entry of this Order and file the CIAC within **seven (7) days** of the conference.

A district court has the authority to dismiss a plaintiff's action because of his failure to

---

[1] Plaintiff's Motion actually states that he was notified in November 2014; however, Plaintiff's Complaint was not filed until April 2015. It appears, therefore, that Plaintiff intended to state that he gained this information in November 2015.

prosecute or his failure to comply with a court order, either upon a defendant's motion or sua sponte.  Link v. Wabash R.R. Co., 370 U.S. 626, 629 (1962).  Plaintiff is hereby warned that his failure to properly prosecute this case going forward may result in the case being dismissed with prejudice and without further notice.

III.    **CONCLUSION**

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion to Stay the Initial Attorney's Conference, (Doc. No. 8), is **DENIED**.  The deadlines associated with the IAC are hereby continued.  The parties shall conduct the IAC within **seven (7) days** of the entry of this Order and file the CIAC within **seven (7) days** of the conference.  **Plaintiff is hereby warned that his failure to comply with this Order or to properly prosecute this case going forward may result in the case being dismissed with prejudice and without further notice.**

Signed: May 20, 2016

Robert J. Conrad, Jr.
United States District Judge